**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4252**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

EDWARD MCCAIN,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.   Patrick Michael Duffy, Senior
District Judge.   (2:09-cr-00296-PMD-2)

_____

Submitted:  December 20, 2010      Decided:  February 28, 2011

_____

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Timothy C. Kulp, KULP LAW OFFICE, Charleston, South Carolina,
for Appellant.  Peter Thomas Phillips, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward McCain pled guilty, pursuant to a written plea agreement, to three offenses in his superseding indictment. McCain received a life sentence for tampering with a witness, victim or informant (murder) in violation of 18 U.S.C. §§ 1512(a)(1)(C) and 2 (2006) (Count 1), a thirty-year concurrent sentence for tampering with a witness, victim, or informant (attempted murder) (Count 2), and another life sentence for using and carrying a firearm in furtherance of a drug trafficking crime and crime of violence in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West Supp. 2010), 18 U.S.C. §§ 924(j) and 2 (2006) (Count 5).

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court erred in accepting McCain's plea, and (2) whether the district court erred in sentencing him. For the reasons that follow, we affirm.

First, we find no plain error at McCain's sentencing hearing. See United States v. Martinez, 277 F.3d 517, 524, 527 (4th Cir. 2002) (providing review standard when defendant did not move in the district court to withdraw his guilty plea). Second, we find no abuse of discretion in the district court's

2

sentencing of McCain.  Gall v. United States, 552 U.S. 38, 49 (2007).  We note that McCain's life sentences were mandated by statute.  See 18 U.S.C. § 1111(b) (2006) (penalty for first degree murder is death or a life sentence); 18 U.S.C. § 924(j) (penalty for use of a firearm which causes death is a sentence of death or life imprisonment).  McCain was not eligible for a sentence of death, however, because he was a minor at the time of the offenses.  See 18 U.S.C. § 3591(a) (2006) (noting "that no person may be sentenced to death who was less than 18 years of age at the time of the offense").

In accordance with Anders, we have reviewed the record in this case, including the issues raised in McCain's pro se supplemental brief, and have found no meritorious issues for appeal.  We therefore affirm McCain's convictions and sentence. This court requires that counsel inform McCain, in writing, of the right to petition the Supreme Court of the United States for further review.  If McCain requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McCain.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED